# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:18CV005-RJC-DSC

| | |
|---|---|
| **BETSY W. MASSEY,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **NANCY A. BERRYHILL,**[1] ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

in the parties' briefs.

Plaintiff filed the present action on January 7, 2018. She assigns error to the Administrative Law Judge's ("ALJ") assessment of her symptoms and subjective complaints and to the formulation of her Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 4-19 (document #12). Plaintiff also contends that the ALJ failed to resolve conflicts between the Vocational Expert's (V.E.) testimony and the Dictionary of Occupational Titles ("DOT"). Id. at 19-22

The ALJ found that Plaintiff retained the RFC to perform light work[3] with limitations to:

> [N]ever climb ladders, ropes or scaffolds … occasionally climb ramps or stairs, and … balance, stoop, kneel, crouch, and crawl…. [N]o exposure to excessive vibration, operational control of a motor vehicle, unprotected heights, hazardous machinery, or pulmonary irritants such as fumes, odors, dusts, gases and poorly ventilated areas.

(Tr. 17). Based upon a hypothetical that factored in the above limitations, the V.E. testified that Plaintiff could perform her past work as a phlebotomist as that job is generally performed but not as Plaintiff testified she performed it. (Tr. 56). The V.E. also testified that Plaintiff could perform light work as an office helper (DOT number 239.567-010, 70,000 jobs available nationally), mail clerk (DOT number 209.687-026, 20,000 jobs available nationally), and cashier II (DOT number 211.462-010, 300,000 jobs available nationally). (Tr. 59). The V.E. stated that there was no conflict between her testimony and the DOT. (Tr. 61).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 25-26).

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

her functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.  The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The ALJ explained that although Plaintiff suffered from fibromyalgia, the medical evidence showed that she had no synovitis, weakness, or atrophy and her joint mobility was quite good despite limited muscular tenderness in the trapezius. (Tr. 18, 370-371).  In November 2013, there was no weakness, synovitis, or atrophy, though she presented with some pain reproduction and local pressure consistent with tender points. (Tr. 18, 372-373).  Follow up notes from April 2014 show that her cervical spine was limited by fifty percent in all spheres. This was consistent with an MRI that revealed moderate multilevel degenerative change in the cervical spine with multiple disc bulges and protrusions. (Tr. 18, 293, 374-375).

5

Plaintiff alleges that the ALJ did not evaluate her fibromyalgia pursuant to SSR 12-2p. It is not necessary for the ALJ to cite the SSR, so long as he evaluated the facts using the criteria set forth in the SSR. Cantrell v. Colvin, No. 1:14-cv-104-RJC-DSC, 2014 WL 12603197, at *3-4 (W.D.N.C. Dec. 8, 2014). The ALJ found fibromyalgia to be a severe impairment, evaluated it under the listing discussion, and then considered the extent to which that impairment limited Plaintiff's functional capacity. (Tr. 15-20). Accordingly, the ALJ's discussion of Plaintiff's fibromyalgia complies with SSR 12-2p.

The ALJ noted that Plaintiff's back pain was assessed in April 2014. (Tr. 18, 380). She exhibited 5/5 strength except for 3/5 strength in the left extensor hallucis longus. (Tr. 18, 380). There was no tenderness in the back and sensation was grossly intact to light touch bilaterally. (Tr. 18, 380). The ALJ also noted that in November 2014, Plaintiff exhibited diffuse tenderness in the mid-thoracic and lumbar spine, limited range of motion, and the need to frequently change positions. (Tr. 18, 445). Examination notes also show that Plaintiff was ambulating with a non-antalgic gait, was in no apparent distress, and exhibited full strength and sensation in both lower limbs (Tr. 445). The ALJ discussed subsequent treatment notes confirming that despite complaints of back pain and some tenderness to palpation, Plaintiff's gait was non-antalgic, straight leg raising was negative, and she had full strength and sensation. (Tr. 19, 634, 644, 648, 653, 659-660, 665, 771). In September 2016, Plaintiff reported that her prescribed medication reduced her pain without any side effects (Tr. 771).

The ALJ noted that Plaintiff's asthma was well controlled. (Tr. 19, 482). Treatment records also show that she denied problems with coughing, wheezing, shortness of breath or chest tightness. (Tr. 19, 482).

6

After an evaluation of Plaintiff's impairments, the ALJ concluded that her degenerative disc disease of the cervical and lumbar spine, scoliosis, fibromyalgia, and asthma restricted her to light work with postural and environmental limitations (Tr. 17). The ALJ fully considered the record including treatment modalities, physical and mental examination results, diagnostic test results, and medical opinions. (Tr. 17-20). The ALJ did not ignore any abnormal findings or Plaintiff's subjective reports of symptoms. The ALJ incorporated such findings along with those that showed normal findings or mild to moderate abnormalities. (Tr. 17-20).

An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ considered the opinions and analyses of the State agency medical consultants at the initial and reconsideration levels of review and accorded those opinions great weight. (Tr. 19-20, 67-69, 79-81). The State agency medical consultants summarized the medical evidence (Tr. 64-65, 68, 77, 81) and prepared a functional assessment limiting Plaintiff to less than a full range of light work with supporting rationale. (Tr. 67-68, 79-81). The ALJ concluded that these opinions were entitled to great weight because they were consistent with and well supported by the evidentiary record. (Tr. 19-20). Accordingly, the ALJ's analysis complies with SSR 96-8p because he properly considered and relied upon the State

7

agency consultants' opinions.

Plaintiff also assigns error to the ALJ's evaluation of her symptoms and subjective complaints. A review of the ALJ's decision reveals that his credibility determination is supported by substantial evidence.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's degenerative disc disease of the cervical and lumbar spine, scoliosis, fibromyalgia, and asthma – which could be expected to produce some of the symptoms she claims. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not consistent with the

8

objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to determinations of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

The Social Security Administration has drafted template language for inclusion in ALJ decisions. See Mascio, 780 F.3d at 638 n.9 (citing Bjornson v. Astrue, 671 F.3d 640, 644–45 (7th Cir. 2012)). The following language related to determining credibility was criticized in Mascio:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Id. at 639. The Fourth Circuit found that this language implies that a claimant's ability to work is determined first and then used to assess her credibility. The Court concluded that this language conflicts with the Agency's regulations. Id. at 639 (citing Bjornson, 671 F.3d at 645; 20 C.F.R. § 416.929(a); SSR 96-8p).

In her Memorandum, Plaintiff concedes that the "boilerplate language" used by the ALJ here differs from that rejected in Mascio. Document #10 at 5 (citing Tr. 18). Here, the ALJ concluded:

9

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18). The Fourth Circuit has held that such language constitutes harmless error if the ALJ "properly analyzed credibility elsewhere." Id.; accord Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012) ("If the ALJ has otherwise explained his conclusion adequately, the inclusion of this language can be harmless."). Here, the Court finds that the ALJ engaged in a thorough, well-reasoned credibility analysis that renders any error harmless.

Plaintiff argues that other than the boilerplate language, only one paragraph of the ALJ's decision "might constitute a discussion of symptom severity." Document #10 at 6 (citing Tr. 19). The Court disagrees. A careful review of the record shows that following the boilerplate introduction, the ALJ devoted five paragraphs (four paragraphs in addition to the single paragraph Plaintiff quotes in her brief) to evaluating Plaintiff's symptoms and subjective complaints (Tr. 18-19). Substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not wholly consistent with the record and not as severe as she claimed.

Finally, Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. Plaintiff argues that there is an unresolved conflict between her limitation to no "pulmonary irritants such as fumes, odors, dusts, gases and poorly ventilated areas" (Tr. 17) and the DOT definitions of the jobs identified by the V.E.

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th

10

Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Here, the ALJ properly relied on the V.E.'s testimony. The ALJ asked the V.E. whether her testimony was consistent with the DOT, and she said that it was. (Tr. 21, 56-57). Plaintiff's argument that contact with co-workers and the public would expose her to odors or fumes has no merit. The DOT description of each job states that they do not require exposure to pulmonary irritants. There is no apparent conflict and the ALJ's step five analysis was proper.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled.

11

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: October 12, 2018

David S. Cayer
United States Magistrate Judge

12