UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00005-RJC-DSC

| BETSY W. MASSEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of | ) |  |
| Social Security, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on the parties' cross Motions for Summary Judgment, (Doc. Nos. 9, 14); the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court uphold the decision of the Commissioner, (Doc. No. 17); Plaintiff's Objections to the M&R, (Doc. No. 18); Defendant's Response to Plaintiff's Objections, (Doc. No. 19); and the parties' briefs and exhibits in support. The motions are ripe for adjudication.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A. Review of the Magistrate Judge's M&R

A district court may assign dispositive pretrial matters to a magistrate judge

1

for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B. Review of a Final ALJ Decision under the Social Security Act

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King

v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff makes three objections to the M&R: (1) the ALJ did not give legally sufficient reasons supported by substantial evidence for finding Plaintiff's testimony not entirely consistent; (2) the ALJ did not explain how he found Plaintiff is capable

3

of light level work for two-hour intervals on a sustained basis in the residual functional capacity ("RFC"); and (3) the ALJ accepted testimony from the VE which appears to conflict with the DOT yet failed to obtain an explanation from the VE. The second and third objections were general regurgitations of arguments already advanced in Plaintiff's initial briefing accompanying her summary judgment motion. The M&R already considered and analyzed those arguments. After conducting a de novo review of the M&R, Plaintiff's Objections thereto, and the record, the Court agrees with the M&R's analysis and overrules the second and third objections. Thus, the Court incorporates the M&R's discussion of those arguments herein.

Regarding Plaintiff's first objection, although Plaintiff also made the same general argument in her initial briefing, she lodged a more specific allegation of error in her objection: Plaintiff argues that the ALJ failed to evaluate her ability to use her hands. And Plaintiff asserts that if the ALJ had properly evaluated Plaintiff's ability to handle and finger, he would have reached a different conclusion regarding Plaintiff's disabled status. The Court addresses both her general and specific objections.

Generally, Plaintiff argues in her first objection that the ALJ discredited Plaintiff's testimony solely on the ALJ's interpretation of medical evidence, in violation of 20 C.F.R. § 404.1529(c)(2)[1] and SSR 12-02p. The Court disagrees.

---

[1] "[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate

4

Contrary to Plaintiff's assertions, the ALJ used both objective medical evidence *and* Plaintiff's own statements to find Plaintiff's allegations of symptom severity and limitations not wholly credible. In discussing medical opinion evidence, the ALJ also included Plaintiff's reported statements to medical professionals that contradicted her hearing testimony. For example, the ALJ discussed that on April 25, 2014, Plaintiff reported that an injection gave her some relief from her back pain. (Doc. Nos. 5 to 5-1: Administrative Record ("Tr.") at 18). The ALJ noted that on April 13, 2015, when being seen for asthma, Plaintiff "denied problems with coughing, wheezing, shortness of breath, and chest tightness," and she only "reported moderate seasonal symptoms." (Tr. 19). The ALJ also referenced that, on September 8, 2016, when she was being seen for low back pain, Plaintiff "reported that medication helped with her day-to-day function." (Id.). Therefore, the ALJ did not rely exclusively on medical evidence to refute Plaintiff's allegations of symptom severity and limitation. Instead, he pointed to evidence of Plaintiff's prior inconsistent statements, in addition to citing to objective medical evidence which showed that Plaintiff's allegations of debilitating symptoms and limitations were inconsistent with records reflecting (1) her general ability to ambulate, (2) her full strength and sensation throughout her back, (3) her negative straight leg raises and good range of motion in the extremities, and (4) her normal breath sounds. (Id.).

Plaintiff also accuses the ALJ of cherry-picking from the record to support his

---

your statements." 20 C.F.R. § 404.1529(c)(2).

5

disability and RFC determination. Specifically, Plaintiff faults the ALJ for failing to properly evaluate Plaintiff's difficulties with handling and fingering due to her bilateral cubital tunnel syndrome. In support of this assertion, Plaintiff cites to instances where she complained of hand and finger pain to medical professionals in the record, and claims that, if believed, Plaintiff's testimony shows disability. However, the fact that medical sources chronicled Plaintiff's subjective complaints in medical reports does not transform these subjective complaints into objective medical findings. See 20 C.F.R. § 404.1528(a)–(c) (stating that signs must be shown by observable facts and medically acceptable clinical diagnostic techniques); Craig v. Chater, 76 F.3d 585, 590 n.2 (4th Cir. 1996) (providing that a physician's notation of claimant's complaints does not "transform" the subjective complaints into clinical evidence: "If this were true, it would completely vitiate any notion of objective clinical medical evidence."). As the ALJ noted, the record reflected that Plaintiff's bilateral cubital tunnel syndrome did not have more than a minimal impact on Plaintiff's ability to perform basic work activities. (Tr. 15). Accordingly, the ALJ did not need to compensate for this minimal limitation in Plaintiff's RFC because records reflected that Plaintiff had no objective showings that symptoms persisted after surgery, (Tr. 15), and that the tenderness and swelling of Plaintiff's hands and fingers did not impact her strength and grip, (Tr. 19). Contrary to Plaintiff's assertions, the ALJ considered Plaintiff's subjective complaints regarding her alleged limitations with fingering and handling, but found that they were inconsistent with multiple, objective medical records showing that Plaintiff had full sensation and strength. Therefore, the Court determines that the ALJ properly considered Plaintiff's subjective allegations of

6

symptom severity and limitations in light of all of the evidence before him in the record.² In sum, substantial evidence supports the ALJ's determination regarding Plaintiff's testimony.

IV. CONCLUSION

After an independent and thorough review of the M&R, Plaintiff's Objections thereto, and a de novo review of the record, the Court concludes that the recommendation to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment is correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

(1) The Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED**;

(2) Defendant's Motion for Summary Judgment, (Doc. No. 14) is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**; and

(4) The Clerk of Court is directed to close this case.

Signed: March 25, 2019

Robert J. Conrad, Jr.
United States District Judge

---

² Plaintiff also accuses the ALJ of disregarding other record evidence discussing signs and symptoms that Plaintiff's fibromyalgia was disabling. (Doc. No. 18 at 7–9). The Court finds this assertion baseless, as the ALJ either expressly addressed these "signs and symptoms," or substantial evidence in the record demonstrated why these signs and symptoms were not disabling. (Tr. 15–20).